CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
DEC 21 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOHN PAUL LUCAS, | CASE NO. 5:05CV00023 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 29, 2002 claim for a period of disability, disability insurance and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter REMANDING the case to the Commissioner for further proceedings.

In a decision dated August 12, 2003, and eventually adopted as a final agency decision, an Administrative Law Judge (Law Judge) found that plaintiff, who was 48 years old at the time with a high school education and past relevant work as a laborer, met the earnings requirements of the Act on May 29, 1996 on his claim for disability insurance benefits (DIB), the alleged date of disability onset, and that plaintiff continued to meet them through December 31, 2000. (R. 20,

28.)¹ He also found that plaintiff suffered a combination of severe impairments which did not meet or equal any listed impairment. (R. 24, 28.)² The Law Judge further was of the view that plaintiff's allegations concerning the limitations imposed by his maladies were not "totally credible," and, though plaintiff was unable to perform his past relevant work as a laborer, the Law Judge found that plaintiff retained the residual functional capacity to perform a significant range of light work permitting carrying/lifting up to 20 pounds occasionally and 10 pounds frequently; standing/walking for 6 hours in an 8-hour day; sitting for 6 hours in an 8-hour workday with the option to alternate sitting and standing; and with the limitation that there be no climbing, bending, stopping or crouching. (R. 26-28) By application of the Medical-Vocational Guidelines ("grids") as to plaintiff's exertional limitations, and by reference to certain portions of the testimony advanced by the vocational expert (VE), the Law Judge concluded that jobs as a parking lot attendant or watchman/security guard were available to plaintiff, and that he was not disabled under the Act. (R. 27-28.)

Included among the papers filed with plaintiff's appeal to the Appeals Council were additional medical records from Health South, functional capacities evaluations by Sheryl

---

¹According to Commissioner, plaintiff filed his claim for supplemental security income benefits (SSI) on May 29, 2002, which, under 20 C.F.R. § 416.335 (precluding receipt of benefits for any month prior to the the month in which the application is filed), would be the first date on which he would be entitled to receive SSI benefits in the event he is determined disabled prior to that date. Def's Brief at 4.

²The Law Judge made specific findings related to the precise maladies suffered, but he did not discuss the medical evidence which showed that plaintiff suffered a variety of impairments, including disc degeneration with bulging, slight facet hypertrophy and stenosis at L4-S1, and a small lesion on plaintiff's right lung, all of which were "complicated by obesity of approximately 315 pounds at 71 inches tall." (R. 22-26.) By the same token the Law Judge specifically found plaintiff did not suffer severe asthma or any severe mental impairment. (R. 23, 24.)

2

Johnson, M.D., Catherine D'Auria, OT, and Carla Mackail, MS, a report of psychological screening by Laury Goolsby, Ph.D., and various notes from the University of Virginia Health Clinic. (R. 455-515.) The Council denied review on the basis that neither the evidence in the record nor that submitted on appellate review provided "a basis for changing the Administrative Law Judge's decision." (R. 7-8.) Thus, the Law Judge's decision was adopted as a final decision by the Commissioner and this action ensued.

In her Brief before the court, the Commissioner suggests that the Law Judge's decision is based on substantial evidence, and in support of this argument, the Commissioner makes reference to plaintiff's various medical conditions. However, an evaluation of these medical conditions is not reflected in the Law Judge's analysis and decision. For example, while the Law Judge discusses problems with plaintiff's gall bladder primarily in the context of assessing plaintiff's credibility, the medical conditions such as plaintiff's adrenalectomy or his bleeding heart never were given more than a passing glance by the Law Judge. Instead, the Law Judge seems to have concentrated his assessment on plaintiff's musculoskeletal impairment and his obesity as well as his claimed pulmonary and psychological impairments, the latter two of which the Law Judge found non-severe. (R. 21-26.) The long-and-short of the Commissioner's brief is that she believes there is ample evidence to support the Law Judge's finding that plaintiff possessed the residual functional capacity for a limited range of light work in which category the VE then identified jobs available to a person with the impairments and effects found by the Law Judge.

The plaintiff, on the other hand, takes the position that the medical record, including the results of an MRI taken in December 2001, demonstrate that he suffers degenerative disc and

3

facet disease which not only were severe but severe enough to meet or equal the Commissioner's Listings, 20 C.F.R. § 404.1525, Appendix 1, § 1.04(A). Pl.'s Brief in Opposition at 10-12. Furthermore, plaintiff contends that the Law Judge failed to give proper weight to the evidence and opinions of his treating sources, particularly that of Margaret Plews-Ogan, M.D., of the University of Virginia Medical Center, Department of Medicine, who believed that plaintiff could sit/stand for less than two hours in an eight-hour day, needed to walk around every five minutes for up to two minutes at a time, needed breaks from sitting every five minutes, could not lift/carry more than ten pounds, could never twist/stoop/crouch/climb/ladders or stairs and needed to be absent from work more than four days per month because of his impairments or to receive treatment. Pl.'s Brief at 8, 12-13. (R. 430-433.) Finally, plaintiff notes that the only evidence in the record which in any way controverts the functional assessments of plaintiff's treating sources pointing to the fact that plaintiff became disabled in 1998 or 1999, at the latest, was a residual functional capacity assessment submitted by a state agency consultant, R.S. Kadian, M.D., as the result of a record review conducted on September 23, 2002. Pl.'s Brief at 13-14. (*See* R. 300-308.) Plaintiff contends that the opinions expressed in this assessment are entirely unsupported by any factual analysis or reasons and were made without the benefit of the medical evidence submitted after Dr. Kadian's review. (R. 315 *et. seq.*)

In this case, the plaintiff established a *prima facie* case of disability by demonstrating his inability to perform his past relevant work. 20 C.F.R. §§ 404.1520 and 416.920. The burden, therefore, shifted to the Commissioner to come forward with evidence that jobs were available to a person with plaintiff's maladies and limitations, and because non-exertional limitations were present, a VE was required to discharge the Commissioner's burden of production. *Hall v.*

4

*Harris*, 658 F.2d 260 (4th Cir. 1981); *Smith v. Bowen*, 837 F.2d 635 (4th Cir. 1987); *Moore v. Barnhart*, Case No. 4:04CV00062 (W.D. Va., Feb. 28, 2005)(UP). Where, as here, vocational evidence has been adduced, that evidence would be relevant to the ultimate outcome only if the VE has accounted for all the claimant's maladies and their effects as shown by the substantial evidence in the record. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989).

It is not within the province of the court to "determine the weight of the evidence" in proceedings on claims for social security disability benefits, "nor is it [the court's] function to substitute [its] judgment for that of the [Commissioner] if [her] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); 42 U.S.C.A. §§ 416(I), 423. Objective medical evidence that consists of symptoms, signs and laboratory findings, not just plaintiff's statement of symptoms, must be present to find a disabling impairment. 42 U.S.C.A. § 423(d)(5)(A); *see Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). The Commissioner is granted some latitude under the regulations to make determinations concerning the acceptability of the proof, to resolve any inconsistencies in evidence, and to accord weight to the evidence. 20 C.F.R §§ 404.1513,1527-1529 and 416.913, 927-929. The court's review of the Commissioner's final decision is limited to determining whether the Law Judge's factual findings "are supported by substantial evidence and were reached through the application of the correct legal standards." *Hughes v. Barnhart*, 206 F.Supp.2d 771 (W.D.Va. 2002); *Hancock v. Barnhart*, 206 F. Supp.2d 757 (W.D.Va. 2002); *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by extant law and is supported by substantial evidence, then the Commissioner's final decision must be affirmed.

5

Under the Commissioner's regulations, the opinions of the treating sources are entitled to controlling weight if that evidence is supported by medically acceptable clinical and laboratory diagnostic techniques and is not contradicted by other substantial evidence in the case. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2). These regulations also grant to the Law Judge the authority to entertain the evidence from non-examining, non-treating medical sources, such as the state agency consultants, but they also impose the responsibility on the Law Judge to make findings pertaining to the weight being given to that evidence. 20 C.F.R. § 404.1527(f)(2). When considering this kind of evidence, the Law Judge is to evaluate whether there are supporting explanations in the record as a whole, or in the evidence provided by the non-treating record reviewer, to support the opinions being offered. 20 C.F.R. § 404.1527(f)(2)(ii). Moreover, the Law Judge must explain the weight given to non-treating state agency sources in the event the evidence of the treating sources is not given controlling weight.

Here, the Law Judge considered the evidence offered by state agency consultant concerning plaintiff's residual functional capacity. (R. 23, 301-308.) The opinion offered was that plaintiff possessed the capacity essentially to perform medium work. While the state agency physician acknowledged that this view was different from the treating physician's view, no real explanation was given for the difference. The reviewer then offered an opinion to the effect that questions relating to ability to work are "reserved to the Commissioner." (R. 308.) The undersigned does not believe this is the kind of explanation or rationale the regulations require, or at least not the kind the court should find represented medical facts sufficient to overcome the weight afforded the evidence offered by treating sources under the Commissioner's own regulations.

6

Yet another question is raised by this, and it centers on whether the state agency reviewer could have offered a reliable opinion on plaintiff's residual functional capacity when he did not have all the record evidence at hand at the time the record was assessed. Of course the answer is that such an opinion should not be entitled to any weight unless it is premised on a review of the complete record.

It also is true that a capacities assessment was offered by James Beazell, PT, who was part of the team providing plaintiff with physical therapy at the University of Virginia Health South Musculoskeletal Service Center. (R. 23, 437-442.) On the first page of that report, the physical therapist indicates that plaintiff possessed the capacity to meet the physical demands of sedentary work, and, on the penultimate page, he noted plaintiff drove an hour to attend the clinic and sat for 15 minutes while he was interviewed. (R. 437, 440.) If there was nothing more to that evaluation than those observations and that assessment, the Law Judge may have had an open door and evidentiary support to find from this evidence that plaintiff could perform sedentary work and, in turn, to reach his conclusions about plaintiff's residual capacity.[3] However, the balance of the evaluation provides a great deal of context in which the physical therapist rendered his conclusion, and it reveals that plaintiff could sit/stand/walk only occasionally, that he experience moderate-to-severe pain when performing these functions, that his endurance was poor, that his performance was inconsistent, and that he displayed a severe antalgic gait.[4] Thus,

---

[3] That plaintiff drove or rode an hour to receive physical therapy and sat for 15 minutes to be interviewed are not vocationally relevant fact but rather are what have been termed "sit and squirm" observations which do not play a role in determining a claimant's vocational capacity. *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984)(Hall, J., dissenting); *Lewis v. Bowen*, 823 F. 2d 813 816 (4th Cir. 1987).

[4] An antalgic gait is one assumed by a person to avoid pain when walking.

7

while plaintiff may have been able to perform tasks that were sedentary, serious questions are raised by this evidence concerning whether he could function in a competitive work environment. Therefore, Mr. Beazell's evidence does not provide substantial evidentiary support for a finding that plaintiff could perform a significant range of light work, or even sedentary work for that matter.

Finally, the undersigned turns to the evidence offered on administrative appeal and observes that the Appeals Council in this case did not give this evidence any more attention than that given in *Riley v. Apfel*, 88 F. Supp. 2d 572 (W.D. Va. 2000). It certainly is material and relevant to determining plaintiff's residual functional capacity, if for no other reason than it bears on whether the state agency assessment has any value absent its consideration.[5]

After a careful examination of the evidence, it is the undersigned's view that there is good cause to remand this case for further proceedings to reassess both plaintiff's residual functional capacity and whether there is any alternate substantial gainful activity in the economy which plaintiff can perform given his maladies and their work-related effects. It is RECOMMENDED that the case be REMANDED with direction that in the event the Commissioner cannot grant benefits on the extant evidence, she is to recommit the case to a Law Judge for further proceedings in which both sides may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are

---

[5] The undersigned notes that this later-acquired evidence more clearly is relevant to the issue of plaintiff's disability after his insured status expired. It also may be relevant to show either the continuing nature of his DIB claim should there be no substantial evidence adduced contradicting that of his treating physicians concerning his disability commencing in the 1998-1999 time frame or relating back to the period plaintiff was insured.

8

entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U. S. Magistrate Judge

__December 21, 2005__
Date